HARDIMAN, Circuit Judge,
concurring in part and dissenting in part.
I agree with Judge Ambro’s excellent opinion for the Court in all respects save one. Unlike my colleagues, I would hold that Travelers owed no duty to defend any portion of the sanctions proceeding the Bobbetts initiated against attorney Post.
As the majority notes, the Policy excluded sanctions from coverage, stating that Travelers would not “consider damages to include any: civil or criminal fines, forfeitures, penalties or sanctions.” And the Bobbetts’ petition bore all the hallmarks of a typical motion for disciplinary sanctions. See, e.g., Black’s Law Dictionary 1458 (9th ed. 2009) (defining “sanction” as “[a] penalty or coercive measure that results from failure to comply with a law, rule, or order” and listing as an example “a sanction for discovery abuse”). Thus, I concur that Mercy’s informal participation in the sanctions proceedings could not impose on Travelers a duty to defend Post in those proceedings. I part ways with the majority with respect to whether Mercy’s answer to the Bobbetts’ petition converted the sanctions proceeding into a “suit” as defined by the Policy, that is, “a civil proceeding that seeks damages.”
The majority concludes that Mercy’s boilerplate prayer for relief — which requested that the court impose “sanction[s]” and “any other relief[] this Court deems just and equitable under the unique and serious circumstances presented before it, and award costs, attorneys’ fees and expenses” — sought “damages” because attorneys’ fees are recoverable in a suit for legal malpractice. The majority further reasons that Mercy “in essence” stated the elements of a legal malpractice claim through its admissions in its answer. In support of this view, the majority cites cases involving legal malpractice lawsuits. See Bailey, 621 A.2d 108; Feld & Sons, 458 A.2d 545. While it is undoubtedly true that plaintiffs who bring such lawsuits may obtain compensatory damages that include attorneys’ fees, I find no authority for the proposition that a plaintiff may pursue such relief merely by responding to a sanctions petition with averments that might, in a separate lawsuit, form the basis for a legal malpractice claim. Indeed, the District Court correctly recognized that “[sjanctions, particularly those for violations of discovery rules, are understood to be sought by the opposing party on motion, while a client’s remedy for his or her attorney’s errors is a malpractice suit.” (App. 1221-22); cf. Rohm & Haas Co. v. Lin, 992 A.2d 132 (Pa.Super.Ct.2010) (“[T]he purpose of discovery sanctions is to secure compliance with our discovery rules and court orders in order to move the case forward and protect the substantive rights of the parties, while holding those who violate such rules and orders accountable.”).
The Pennsylvania Superior Court has recognized the fundamental distinction between disciplinary sanctions and compensatory damages:
Sanctions, including monetary sanctions paid to an adversary in the form of fees or costs, address the interests of the *527 court and not those of the individual. A litigant cannot rely on a sanction motion to seek compensation for every injury that the sanctionable conduct produces. Rather, an injured party must request tort damages to protect his personal interest in being free from unreasonable interference with his person and property
Werner v. Plater-Zyberk, 799 A.2d 776, 784 (Pa.Super.Ct.2002) (citations omitted). Under the majority’s reasoning, Mercy could have obtained damages caused by Post’s negligence without ever proving to a judge or jury the elements of legal malpractice. Such an award would be unprecedented in my experience.
Moreover, an innocent explanation for Mercy’s participation in the sanctions proceeding belies the majority’s inference that Mercy’s true objective in that proceeding was to obtain compensation for Post’s malpractice. The state court required Mercy to file a responsive pleading as the price of admission to participate in the sanctions proceeding, which implicated not only Mercy’s former outside counsel, but also its own employees and corporate documents. In fact, Mercy indicated in its opposition to Post’s motion to strike its answer that it intervened because it “was required to participate in the search, review and production of documents, and to produce witnesses for depositions.”
For these reasons, I would hold that Travelers owed Post no duty to defend the sanctions proceeding, even after Mercy filed its answer.